WILLIAM WOLFF, Appellant, v. GENEVIEVE ALTMAN, Respondent.

First Department, April 29, 1921.

Vendor and purchaser — suit to set aside purchase-money mortgage on ground of fraud in substituting cheap furniture before delivery of possession and as cloud on title — insolvency of defendant — temporary injunction granted restraining disposal of bond and mortgage until trial of suit — plaintiff has not adequate remedy at law — issue of fraud cannot be tried on affidavits.

Where in a suit to set aside a purchase-money mortgage on the ground that it was fraudulently procured, and as constituting a cloud on title, by reason of the fact that after the agreement to purchase the premises and before possession was delivered, the defendant had substituted cheap furniture in the house for better furniture that was therein when the contract was made, it appears that the defendant is insolvent, a temporary injunction may issue to restrain him from disposing of the bond and mortgage until the trial of the suit.

The plaintiff has not an adequate remedy at law.

The issue of fraud cannot be tried upon affidavits on motion to procure the temporary injunction.

APPEAL by the plaintiff, William Wolff, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York

on the 2d day of December, 1920, denying plaintiff's motion to continue a preliminary injunction.

*Edward W. Drucker* of counsel [*Joseph Hirschman* with him on the brief; *Hirschman & Roeder*, attorneys], for the appellant.

*Harry C. Adams*, for the respondent.

SMITH, J.:

The plaintiff agreed to purchase of the defendant certain premises and to assume certain mortgages thereon and pay the defendant a certain amount of money and to give the defendant back a purchase-money mortgage for $1,400. In this sale and as part thereof, the defendant was to deliver to the plaintiff the household furniture which was specified upon the list of furniture. The deed was given, the money had been paid and the purchase-money mortgage of $1,400 had been given. This action is brought in equity to set aside that purchase-money mortgage as having been obtained by fraud and as constituting a cloud on title by reason of the fact that after the agreement and before possession was delivered the defendant had substituted cheap furniture in the house for better furniture that was there when the contract was made and by this substitution of an inferior article for the article agreed to be purchased the plaintiff has been damaged in the sum of upwards of $2,000.

It is further alleged that the defendant was insolvent and, therefore, cannot respond to a judgment for damages.

An injunction was sought in this action to restrain the defendant from disposing of this bond and mortgage until the trial of the action. The Special Term has denied this motion for a temporary injunction and this appeal is an appeal from such order denying the motion.

I think the injunction should have been granted and the defendant enjoined. We cannot try upon these affidavits the question as to whether this fraud was committed. If this fraud were committed and the plaintiff has been damaged in the sum of $2,000, the plaintiff ought not to be compelled to pay this bond and mortgage. The reasoning of the decision of the Special Term seems to have been that the plaintiff has an adequate remedy at law. But I do not understand that

to be deemed adequate in an action to satisfy a mortgage as having been obtained by fraud and to establish what would be in equity an offset thereto. The defendant should be enjoined from disposing of this bond and mortgage pending the determination of the action. (*Ranney* v. *Warren*, 13 Hun, 11; 17 id. 111.)

If the defendant be insolvent and this mortgage should get into the hands of a *bona fide* purchaser and not be foreclosed for many years to come, it may well happen the Statute of Limitations may have run, and proof may be difficult to obtain. In any event, the plaintiff is entitled to have this mortgage set aside as a lien upon the property which stands in the way of a sale thereof. It is no answer to say that he may defend a foreclosure when one is brought.

The order should be reversed, with ten dollars costs and disbursements, and the motion for a temporary injunction be granted.

CLARKE, P. J., DOWLING, PAGE and GREENBAUM, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion granted.